UNITED STATES of America, Plaintiff,

v.

**Yamil H. KOURI PEREZ (01); Jeannette Sotomayor Vazquez (02); Angel L. Corcino Mauras (03); Julio R. Corcino Mauras (04); Juan E. Rizek Nassar (05); Rafael A. Rizek Nassar (06); Milagros Garcia Leon (07); Armando Borel Barreiro (08), Defendants.**

No. Crim. 97–091(JAF).

United States District Court,
D. Puerto Rico.

July 18, 1997.

Maria A. Dominguez, Asst. U.S. Atty., Guillermo Gil, U.S. Atty., San Juan, PR, for Plaintiff.

Benny Frankie Cerezo, San Juan, PR, for Kourí–Pérez.

Francisco Rebollo–Casalduc, San Juan, PR, for Sotomayor-Vazquez.

Juan A. Pedrosa, San Juan, PR, for Angel Corcino–Mauras.

Jorge Arroyo–Alejandro, San Juan, PR, for Julio Corcino–Mauras.

Roberto Buso–Aboy, San Juan, PR, for Juan Rizek–Nassar.

Harry Anduze–Monta\$no, San Juan, PR, for Rafael Rizek–Nassar.

Miriam Ramos–Grateroles, San Juan, PR, for Garcia–Leon.

Yolanda Collazo, San Juan, PR, for Borel–Barreiro.

### ORDER

FUSTE, District Judge.

The court has reached the government's motion requesting a conflict-of-interest hearing, filed May 19, 1997, *Docket Document No. 38,* and all the related motions filed by defense counsel and the government, including *Docket Documents Nos. 46 (Kouri–Pérez), 48 (government), 52 (Sotomayor–Vázquez). 57 (García–León—sealed motion), 61 & enclosed reply (Kouri–Pérez), 66 (Angel L. Corcino–Mauras), 71 (Borel–Barreiro), 81 (Kouri–Pérez), and 83 (government—sealed submission of sworn statement).*

There are two different issues raised by the government's motion. The first one evolves around the fact that during the Grand Jury investigation leading to the indictment, codefendant Armando Borel–Barreiro ("Borel") appeared represented by Francisco Rebollo–Casalduc, Esq., and Carmen Nilda Villalba, wife of codefendant Angel L. Corcino–Mauras ("Corcino"), was represented by Yolanda Collazo, Esq., whereas at trial, codefendant Borel is represented by Ms. Collazo, and another codefendant, Jeannette Sotomayor-Vázquez ("Sotomayor"), is represented by Mr. Rebollo. The government has alerted the court to these facts and has requested that the court take measures appropriate under the circumstances to make certain that either no conflict of interest exists or if conflict is present, that the matter is addressed under the Model Rules of Professional Conduct, 1983, Rules 1.6 and 1.7. *See* Local Rule 211(4)(B).

The government's concern regarding Mr. Rebollo's involvement is that if privileged and confidential communication occurred between Mr. Rebollo and codefendant Borel during the Grand Jury proceedings, this may pose a problem in the event that codefendants Borel and Sotomayor, now represented by Mr. Rebollo, develop antagonistic defenses or codefendant Borel decides to take the stand during the trial and Mr. Rebollo is placed in a position of having to cross-examine him. The government's concern with Ms. Collazo's involvement as counsel for codefendant Borel at trial stems out of Ms. Collazo's previous representation of codefendant Angel L. Corcino–Mauras' wife. If privileged communication between codefendant Corcino and his wife, Carmen Nilda Villalba, have been disclosed to Ms. Collazo during her Grand Jury involvement with Ms. Villalba's representation, such possibility may trigger a potential conflict of interest if Ms. Collazo has to cross-examine codefendant Corcino of in the event that codefendants Borel and Corcino develop antagonistic defenses.

An examination of *Docket Document No. 38*, the government's motion requesting a conflict-of-interest hearing, clearly establishes that the government has not imputed any wrongdoing to either Mr. Rebollo or Ms. Collazo. The government has simply expressed its concern and has decided to inform the court about the facts discussed here. Regarding this first potential-conflict-of-interest scenario, the court will hold a hearing where a Foster-type examination will be conducted of the involved codefendants, Ms. Carmen Nilda Villalba, and counsel. At the conclusion of the hearing, the court will be in a position to decide whether a conflict of interest exists or not. Attorneys Francisco Rebollo–Casalduc and Yolanda Collazo may file sworn submissions under seal outlining for the benefit of the trial judge any pertinent facts and circumstances of the prior representation that may or may not affect their present involvement in this case. **The hearing will be held on Tuesday, July 22, 1998, at 5:30 P.M. Assistant U.S. Attorney María Domínguez, Mr. Rebollo, and Ms. Collazo will be notified by fax. Mr. Rebollo and Ms. Collazo are charged with the responsibility of securing the presence of Mr. Borel, Ms. Villalba, Mr. Corcino, and Ms. Sotomayor.**

The second scenario which the government has notified the court about involves information in the hands of the government which has been made available in a detailed sealed submission, *Docket Document No. 83*. There is a claim that the defense team was retained by or through one of the attorneys for the main codefendant, who has arranged for the financing of the costs and fees associated with the defense team through an acquaintance of the main codefendant. The specific claim is that the funds are being advanced by a friend of codefendant Kouri–Pérez. In this second situation, the government is not imputing any wrongdoing. The government has brought the matter before the court for the court to decide whether this is a matter sounding in conflict. The defendants suspect that the defense camp has been invaded; that the government informant who invaded the defense camp has acted illegally, and that the U.S. Attorney's Office should be gauged for possible prosecutorial misconduct.

We first state than an examination of the sealed sworn affidavit, *Docket Document No. 83*, clearly establishes that the defense camp has not been invaded. Simply, the affidavit states that an attorney employed by a Commonwealth government dependency, in a casual conversation with an attorney associated with the defense team, learned about the hiring of defense counsel and the source of payment. The Commonwealth attorney became concerned, prepared an affidavit, and submitted it to the U.S. Attorney's Office.

This matter falls squarely within Rule 1.8 of the Model Rules of Professional Conduct, 1983, adopted by this court through Local Rule 211(4)(B). For the purposes of the discussion that follows, the court is not adjudicating the issues of whether the defense team was retained through one of the attorneys for the main codefendant and the source of the funds. If the allegation is false, there is no conflict of interest of the kind contemplated by Model Rules 1.8(f) and 1.6. If the allegation is true, that by itself does not constitute an automatic conflict of interest under Rules 1.8(f) and 1.6 of the Model Rules. Regarding conflict of interest and prohibited transactions, Rule 1.8(f) simply states that a lawyer should not accept compensation for representing a client from one other than the client **unless:** (1) the client consents after consultation; (2) there is no interference with the lawyer's independence of professional judgment or within the client-lawyer relationship, and (3) information relating to representation of a client is protected as required by Rule 1.6. Rule 1.6 deals with confidentiality of information and states that a lawyer shall not reveal information relating to representation of a client unless the client consents after consultation.

The bottom line regarding this second potential conflict of interest is that since the court has not received information amounting to a violation of Rules 1.8(f) and 1.6 of the Model Rules of Professional Conduct, our only involvement at this time should be to be aware of the situation with the expectation that if the allegation is true, counsel for any involved codefendant has fully complied with Rules 1.8 and 1.6 of the Model Rules of

Professional Conduct. Those rules do not require an affirmative showing by counsel to the court at this time. All that the rules require is that the rules be fully observed and respected, it being understood that violations to such rules may carry severe sanctions against offending counsel by the very nature of the interest they seek to protect. There is no need to reveal the source of the information at this time and there is no need for further court intervention unless a specific violation is brought to the attention of the court. Defense counsel may file sworn submissions under seal outlining for the benefit of the trial judge any pertinent facts and circumstances surrounding this matter.

Be guided accordingly.

**IT IS SO ORDERED.**